25 C.C.P.A.(Patents)

### In re MEYER.*
### Patent Appeal No. 3999.

Court of Customs and Patent Appeals.
June 6, 1938.

*Rehearing denied June 27, 1938.

Potter, Pierce & Scheffler, of Washington, D. C. (Ralph E. Parker and Richard L. Scheffler, both of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner which rejected claims 17, 18, and 23 of an application for a patent for compositions of matter comprising chlorinated substances and ethylene oxide derivatives.

Ten claims of the application were allowed by the examiner.

Claim 23, upon which claims 17 and 18 depend, is illustrative, and reads as follows:

"23. The Composition of matter comprising a chlorine-containing aliphatic or cycloaliphatic compound containing more than eight carbon atoms and tending to split off hydrogen chloride, stabilized by the incorporation therewith of an ethylene oxide derivative having a boiling point of above about 30° C. in an amount sufficient to neutralize the hydrogen chloride split off from the chlorine-containing compound."

The claims were rejected on the following reference:

Werntz, 1,988,529, January 22, 1935.

The application relates to the incorporation of any one of several ethylene oxide derivatives, among which is phenyl-ethylene oxide with a chlorine-containing aliphatic compound having more than eight carbon atoms, such as chlorinated rubber, waxes, train oils, resins, and other chlorinated substances, to produce a composition that is stable in that it does not change for a long period of time and in high temperatures.

Both tribunals of the Patent Office rejected the claims on appeal on the ground that they disclose a composition of matter which is anticipated by one of the products of the process of the reference.

The patent to Werntz relates to synthetic resins prepared by the polymerization of vinyl compounds and discloses that by controlling the acidity of the said compounds by the use, preferably, of ethylene oxide, or of its homologues and derivatives, such as styrene oxide, there is an improvement in color stability and durability in the resin produced by the process.

The appellant, in his specification, said that among the "Suitable ethyleneoxide derivatives are, for example, ethyleneoxide * * *." The Werntz patent likewise discloses the use of ethylene oxide. The examiner held that since the appellant sets out ethylene oxide, as a derivative, which has a boiling point of 13.5° C., the boiling point of above 30° C. shown in the claims cannot be considered critical. Appellant contends that ethylene oxide, even though it is set out in his application as a derivative, cannot be considered as such, and that a claim which limits the boiling point of an ethylene derivative to above 30° C. cannot be held to read on ethylene oxide per se. With this contention we agree. However, the patent to Werntz, discloses the use, not only of ethylene oxide per se, but also the use of ethylene homologues and derivatives, such as styrene oxide. The examiner pointed out in his statement that styrene oxide is the same as phenyl oxide, which is one of the substances specifically mentioned in the application of appellant as a suitable ethylene oxide derivative. Since styrene oxide has a boiling point of 191° C., it seems evident that the Werntz patent meets the claims which describe a boiling point above 30° C.

Appellant also contends that while the resinous product of the patent process may be "a chlorine-containing aliphatic or cycloaliphatic compound containing more than eight carbon atoms and tending to split off hydrogen chloride," and thus answers the criteria of one component of the composition of matter defined in the appealed claims, the reference does not anticipate the claims since the starting material used in the process of the patent

contains only two carbon atoms instead of eight. The rejected claims, however, are for composition of matter, and, as such, must be considered with respect to the materials that the claims set forth as being contained in the composition, and not otherwise. Since the two-element resinous product which is produced by the process of the reference appears to be the same as the two-element composition claimed in the rejected claims, we can see no error in the holding of the board that the rejected claims are anticipated by the disclosure in the reference.

We do not think it is material as to when the ethylene oxide derivative is added to the chlorinated substance, because appellant is not seeking a patent on a process or method in the rejected claims.

A very informative affidavit was submitted by appellant, which clearly described the different results of tests made by the use of ethylene oxide with chlorinated substances and by the use of ethylene oxide derivatives with the same substances. There is nothing in the affidavit to indicate that the composition obtained by the use of the ethylene oxide derivative is not the same as that obtained in one of the products of the Werntz process patent, and, therefore, we hold that it is insufficient to overcome the reference.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.